IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
JUN 0 2 2006
CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

| | |
|---|---|
| Nichole Y. Sartor § | |
| *Plaintiff,* § | |
| § | |
| vs. § | No. 06-4044 |
| § | |
| Union Pacific Corporation, § | |
| Union Pacific Railroad Company, § | |
| *Defendants.* § | |

## ORIGINAL COMPLAINT

COMES NOW Plaintiff, Nichole Y. Sartor, and submits the following Complaint against Defendants, Union Pacific Corporation and Union Pacific Railroad Company.

### I. PARTIES, JURISDICTION, AND VENUE

1. Nichole Y. Sartor is a citizen of the State of Texas.

2. Defendant Union Pacific Corporation is a Utah Corporation and maintains its principal place of business at 1400 Douglas Street, Omaha, Nebraska 68179. Union Pacific Corporation is a corporation doing business in the state of Arkansas, County of Miller and is subject to personal jurisdiction in Arkansas. Union Pacific Corporation may be served with process through its registered agent for service of process CT Corporation System, 301 S. 13th Street, Suite 500, Lincoln, Nebraska 68508.

3. Defendant Union Pacific Railroad Company, an operating subsidiary of Union Pacific Corporation, is a Delaware Corporation, and maintains its principal place of business at 1400 Douglas Street, Omaha, Nebraska 68179. Union Pacific Railroad Company conducts business in the State of Arkansas, county of Miller and is subject to

personal jurisdiction in Arkansas. Union Pacific Railroad Company may be served with process through its registered agent for service of process William H. Sutton, 400 W. Capitol Avenue, Suite 2000, Little Rock, Arkansas 72201.

4.  This Court has diversity jurisdiction over the claims set forth herein pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.

5.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II.   RELEVANT FACTUAL BACKGROUND

6.  Union Pacific Corporation ("UP") is one of America's leading transportation companies. UP's principal operating company, Union Pacific Railroad Company ("UP Railroad Co."), is the largest railroad in North America, covering 23 states, including Arkansas, across two-thirds of the United States.

7.  Plaintiff has at all times relevant to this lawsuit owned real and personal property located at 105 Jackson Street, Texarkana, Arkansas 71854.

8.  On October 15, 2005, a UP Railroad Co. train was in route to Laredo, Texas. At all times relevant to this action, J.L. Gordon was the conductor of the train. Upon information and belief, UP and UP Railroad Co. required Mr. Gordon to work as conductor on October 15, 2005, even though he was not scheduled to work on that particular day. Upon information and belief, Mr. Gordon was originally scheduled for a day off because he was overworked, fatigued, and badly in need of rest. Despite full knowledge of Mr. Gordon's fatigued and over worked state, UP and UP Railroad Co. required Mr. Gordon to work on October 15, 2005.

9. Upon information and belief, Mr. Gordon fell asleep while conducting the train during the early morning hours on October 15, 2005. After Mr. Gordon fell asleep, the train barreled into the Texarkana, Arkansas rail yard and collided with other UP rail cars parked in the yard. At least one of the rail cars in the Texarkana yard contained highly flammable propylene, an extremely dangerous and hazardous material. Other rail cars in the yard contained other unknown, toxic, and extremely dangerous chemicals.

10. As a result of the violent collision in the rail yard, one or more of the rail cars were ruptured. The rupture resulted in propylene and possibly other hazardous and combustible substances leaking out of the rail car(s) and into the surrounding area and properties. The propylene and possibly other dangerous and toxic substances subsequently ignited, causing multiple violent and deadly explosions. Specifically, these explosions resulted in the total destruction and incineration of multiple homes and personal property in the surrounding area (including the real property and personal property of Plaintiff Nicole Sartor) and the tragic death of one individual who lived nearby. Additionally, a toxic chemical plume quickly formed and hovered above the Texarkana area for hours, and thousands of individuals were awakened, startled and promptly forced to evacuate and flee from their homes and businesses.

11. Defendants failed to prevent these hazardous materials and/or substances from entering into the surrounding area and properties. Defendants' actions and/or omissions are wanton, willful, and/or reckless and were carried out with a conscious disregard for the possible effects of those actions and/or omissions.

12. Plaintiff's real and personal property sustained physical loss and damage as a result of this explosion. Specifically, Plaintiffs house, car, and other personal property were completely destroyed as a result of the explosion.

13. Defendants did nothing to prevent this accident from occurring and in fact engaged in a course of conduct that was in conscious disregard for the health, safety, and well being of others and the community.

### III. CLAIM FOR RELIEF

#### COUNT I – NEGLIGENCE

14. Plaintiff hereby incorporates by reference paragraphs 1 through 13 of this Complaint

15. Defendants owed Plaintiff a duty of care. This duty is defined through the common law, and statutory rules, codes, and regulations. Defendants failed to fulfill their duties, and Plaintiff was harmed as a proximate result of Defendants' failure.

16. At all times pertinent to this dispute, and particularly at all times while Defendants operated and/or owned trains and rail cars containing hazardous materials and/or substances, Defendants either knew or should have known that the materials and/or substances that were present were hazardous in nature, were capable of escaping from their containers and spreading in and throughout the surrounding area, and had the inherent potential to cause serious bodily injury, death, and damage to property in the surrounding area and beyond.

17. Through its acts and omissions in handling and transporting these hazardous materials and/or substances, Defendants created a foreseeable risk of harm to Plaintiff and all others in and throughout the surrounding area, and this is a risk of which

Defendants knew or should have known through the exercise of reasonable care. Despite the presence of this foreseeable risk, Defendants failed to take the necessary steps to warn against or prevent such dangers as were presented.

18. The damages sustained by Plaintiff were proximately caused completely and solely as a result of the negligence of Defendants in the operations of its rail cars, in allowing toxic materials and/or substances to be stored and/or transported in an unsafe manner, allowing and/or failing to prevent hazardous materials and/or substances from entering in and throughout the surrounding area, failing to properly operate its trains and/or rail cars, and failing to adequately monitor those responsible for the operation of their trains and/or rail cars.

19. The Defendants acts are willful, wanton, and/or reckless and were carried out in such a manner as to constitute a conscious disregard for the potential harm that may be caused to Plaintiff justifying an award of punitive damages.

20. The foregoing acts and omissions by Defendants constitute negligence.

## COUNT II – NEGLIGENCE PER SE

21. Plaintiff hereby incorporates by reference paragraphs 1 through 20 of this Complaint.

22. The Defendants owed Plaintiff a duty of care that is encompassed in federal, state, and local statutes, codes, rules, and/or regulations, and Defendants breached these duties of care through its acts and/or omissions relating to their negligence in the operations of its rail cars, in allowing toxic materials and/or substances to be stored and/or transported in an unsafe manner, allowing and/or failing to prevent hazardous materials and/or substances from entering in and throughout the surrounding area, failing to properly

operate its trains and/or rail cars, and failing to adequately monitor those responsible for the operation of their trains and/or rail cars.

23. Plaintiff is in the class of individuals that these statutes, codes, rules, and/or regulations are designed to protect, and the damages suffered by Plaintiff are the type sought to be prevented by these statutes, codes, rules, and/or regulations.

24. The damages sustained by Plaintiff were proximately caused completely and solely as a result of the negligence of Defendants in the operations of its rail cars, in allowing toxic materials and/or substances to be stored and/or transported in an unsafe manner, allowing and/or failing to prevent hazardous materials and/or substances from entering in and throughout the surrounding area, failing to properly operate its trains and/or rail cars, and failing to adequately monitor those responsible for the operation of their trains and/or rail cars.

25. The Defendants acts are willful, wanton, and/or reckless and were carried out in such a manner as to constitute a conscious disregard for the potential harm that may be caused to Plaintiff.

26. The foregoing acts and omissions constitute negligence per se.

### COUNT III – TRESPASS

27. Plaintiff hereby incorporates by reference paragraphs 1 through 26 of this Complaint.

28. At all times pertinent to this dispute, Plaintiff was the owner of real property located at 105 Jackson Street, Texarkana, Arkansas 71854.

29. Defendants allowed and/or caused hazardous materials and/or substances to be released from their place of business and to spread in and throughout the surrounding

area, including the property and home of Plaintiff. The entry of these hazardous materials and/or substances on and into the property and dwelling of Plaintiff was hazardous to the safety, health, and well-being of Plaintiff and detrimental to the physical structure of the dwelling. Plaintiff's right of possession has been interfered with because of Defendants' trespass.

30. This above referenced trespass continues to this day and has caused Plaintiff to suffer damages.

31. The foregoing acts and omissions by Defendants constitute trespass.

### COUNT IV – CONVERSION

32. Plaintiff hereby incorporates by reference paragraphs 1 through 31 of this Complaint.

33. At all times pertinent to this dispute, Plaintiff was the owner of personal property located at 105 Jackson Street, Texarkana, Arkansas 71854.

34. Defendants allowed and/or caused hazardous materials and/or substances to be released from their place of business and to spread in and throughout the surrounding area, including the property and home of Plaintiff. The entry of these hazardous materials and/or substances on and into the property and dwelling of Plaintiff was hazardous to the safety, health, and well-being of Plaintiff and damaging to the Plaintiff's dwelling, real property, and all personal property located on the premises. Plaintiff's right of possession has been interfered with because of the acts and omissions of Defendants, and Plaintiff has been deprived of the free use and enjoyment of her personal property.

35. As a proximate result of the foregoing acts and omissions, Plaintiff has suffered damages.

36. The foregoing acts and omissions by Defendants constitute conversion.

### COUNT V – NUISANCE

37. Plaintiff hereby incorporates by reference paragraphs 1 through 36 of this Complaint.

38. Defendants' acts and/or omissions created a dangerous condition in the community whereby hazardous materials and/or substances that were stored and transported by Defendants could escape from Defendants' place of business and onto and in the surrounding area. In fact, this situation came to fruition, and through its acts and/or omissions, Defendants allowed and/or failed to prevent hazardous materials and/or substances from escaping its place of business and enter onto and in the surrounding area, including Plaintiff's property.

39. As a result of Defendants' acts and/or omissions, Defendants have created a continuing nuisance that is hazardous and damaging to both the public at large, and to Plaintiff.

40. This nuisance continues to this day and has adversely impacted the life, health, and safety of individuals in the surrounding area and also Plaintiff, and this nuisance has interfered with the enjoyment of life and property of those in the surrounding area and plaintiff.

41 The foregoing acts and omissions by Defendants constitute a continuing public and private nuisance.

### COUNT VI – STRICT LIABILITY

42. Plaintiff hereby incorporates by reference paragraphs 1 through 41 of this Complaint.

43. At all times pertinent to this dispute Defendants operated and/or owned trains and rail cars containing hazardous materials and/or substances. These materials and/or substances and the rail cars they were transported in were abnormally and inherently dangerous and extremely hazardous in that they were subject to combustion, explosion, and rupture. The storage, handling, and transport of these materials and/or substances is not of common usage and necessarily involved a risk of serious harm to the persons, land, and chattels of others that could not be eliminated by the exercise of the utmost care and this operation of the rail cars could not be conducted in complete safety.

44. As a direct and proximate result of Defendants' activities relating to these abnormally and inherently dangerous and extremely hazardous materials, substances, and/or activities Plaintiff has been damaged.

45. As a result of the foregoing acts and omissions, and the nature of the activity, Defendants are strictly liable.

### IV.   DAMAGES

46. As a result of the facts alleged herein, Plaintiff has been made to suffer and sustain, at the hands of the Defendants, general and special damages in an amount in excess of the minimum jurisdictional requirements of this Court and in such amount as the evidence may show proper at the time of trial including, but not limited to: loss of value, use, and enjoyment of property; diminution of future value; economic losses relating to evacuation costs, expenses for clean up and remediation, loss of income;

damages for nuisance, inconvenience, and disruption of life; punitive damages; and attorneys fees to the maximum extent allowable by law.

### V. DEMAND FOR JURY TRIAL

47. Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

### VI. PRAYER FOR RELIEF

48. WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants, be cited to appear and answer herein, as the law direct, and that, upon final hearing thereof, Plaintiffs have and recover judgment of and from the said Defendants pursuant to the above and foregoing allegations in such amounts as herein above set out, and as the evidence may show proper at the time of trial, together with pre- and post- judgment interest thereon at the maximum legal rate, costs of Court, and for such other and further relief, both general and special, at law and in equity, to which Plaintiffs show themselves justly entitled.

This 2nd day of June, 2006.

Respectfully Submitted,

Brady Paddock
bpaddock@nixlawfirm.com
Arkansas Bar No. 93135
R. Benjamin King
Arkansas Bar No. 2005260
benking@nixlawfirm.com
NIX, PATTERSON & ROACH, L.L.P.
2900 St. Michael Drive, Suite 500
Texarkana, Texas 75503
Phone: (903) 223-3999
Facsimile: (903) 223-8520

Matt Keil
mkeil@kglawfirm.com
Arkansas Bar No. 86099

John Goodson
jcgoodson@kglawfirm.com
Arkansas Bar No. 90018

Shorty Barrett
sbarrett@kglawfirm.com
Arkansas Bar No. 2006066
**KEIL & GOODSON**
611 Pecan
Texarkana, Arkansas 71854
Phone: (870) 772-4113
Facsimile: (870) 773-2967