**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF ARKANSAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| **NICHOLE Y. SARTOR** | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | **No. 4:06-cv-4044** |
| | § | |
| **UNION PACIFIC CORPORATION,** | § | |
| **UNION PACIFIC RAILROAD** | § | |
| **COMPANY** | § | |
| *Defendant.* | § | |

**UNION PACIFIC CORPORATION'S MOTION TO DISMISS**
**PURSUANT TO FED. R. CIV. P. 12(b)(2)**

COMES NOW Defendant Union Pacific Corporation, and files its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2), asking this Court to dismiss the above-entitled and numbered cause of action as it relates to Union Pacific Corporation on the ground that this Honorable Court lacks personal jurisdiction over this defendant. In support of its motion, Union Pacific Corporation would show the following:

**I.**

On October 15, 2005, a Union Pacific Railroad Company train, which was moving through Union Pacific Railroad Company's Texarkana yard, collided with a forward train awaiting departure from the yard.  Plaintiff maintains that, as a result, a railcar containing a chemical (believed to be propylene gas) began to leak, causing a fire and ensuing explosion, which allegedly damaged her unoccupied real property and personal property.  On June 2, 2006, Plaintiff filed the above-entitled and numbered cause of action against Union Pacific Corporation and Union Pacific Railroad Company

alleging claims of negligence, negligence per se, trespass, conversion, nuisance, and strict liability.

## II.

Plaintiff's claims against Union Pacific Corporation, however, must be dismissed because this Court lacks personal jurisdiction over this particular defendant. Attached hereto as Exhibit "A" and in support hereof is a Memorandum Brief, which demonstrates that under the facts of this case Union Pacific Corporation's 12(b)(2) Motion to Dismiss for lack of personal jurisdiction should be granted because this Honorable Court's exercise of jurisdiction over Union Pacific Corporation would violate the due process clause of the Fourteenth Amendment of the Constitution of the United States.

## III.

WHEREFORE, PREMISES CONSIDERED, Union Pacific Corporation respectfully asks this Honorable Court to grant its Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2); dismiss Union Pacific Corporation from the above-entitled and numbered cause of action; award attorneys' fees and costs for the preparation of this motion and any subsequent fees and costs incurred in furtherance of this motion; and for such other and further relief as it may show itself justly entitled.

Respectfully submitted,

/s/ Leisa B. Pearlman
George L. McWilliams
Arkansas Bar No. 68078
Sean F. Rommel

Arkansas Bar No. 94158
Leisa B. Pearlman
Arkansas Bar No. 92070
Jack T. Patterson II
Arkansas Bar No. 95012
**PATTON, ROBERTS,**
**McWILLIAMS &  CAPSHAW, L.L.P.**
2900 St. Michael Drive, Suite 400
Post Office Box 6128
Texarkana, Texas  75505-6128
Telephone:  (903) 334-7000
Facsimile:   (903) 334-7007

**ATTORNEYS FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was served upon all counsel of record in the above action who have agreed to service by electronic filing on this 4th day of August, 2006.


        /s/ Leisa B. earlman
Leisa B. Pearlman