IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| NICHOLE Y. SARTOR<br>    *Plaintiff,* | § § § | |
| vs. | § § | No. 4:06-cv-4044 |
| UNION PACIFIC CORPORATION,<br>UNION PACIFIC RAILROAD<br>COMPANY<br>    *Defendant.* | § § § § § | |

**UNION PACIFIC CORPORATION'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12 (b)(2)**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant Union Pacific Corporation ("Union Pacific Corp."), and files this Memorandum in Support of its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2), asking this Court to dismiss the above-entitled and numbered cause of action as it relates to Union Pacific Corp. on the ground that this Honorable Court lacks personal jurisdiction over this defendant. In support of its motion, Union Pacific Corp. would show the following:

**I.   Background**

On October 15, 2005, a Union Pacific Railroad Company train, which was moving through Union Pacific Railroad Company's Texarkana yard, collided with a forward train awaiting departure from the yard. Plaintiff maintains that, as a result, a railcar containing a chemical (believed to be propylene gas) began to leak, causing a fire and ensuing explosion, which damaged her unoccupied real property and damaged her personal property.

On June 2, 2006. Plaintiff filed the above-entitled and numbered cause of action in the United States District Court for the Western District of Arkansas, which is located in Texarkana, Arkansas. In her complaint, Plaintiff alleges claims of negligence, negligence per se, trespass, conversion, nuisance, and strict liability. Plaintiff's claims against Union Pacific Corporation, however, must be dismissed for lack of personal jurisdiction.

## II. Argument and Authorities

Federal courts do not have jurisdiction over a nonresident defendant unless the nonresident defendant has purposefully established "minimum contacts" with the forum state and the exercise of jurisdiction comports with "fair play and substantial justice." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-76, 105 S.Ct. 2174, 2183-84 (1985); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92, 100 S.Ct. 559, 564 (1980); *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158 (1945).

Under a minimum contacts analysis, a court must determine whether or not a defendant has purposefully availed itself of the benefits and protections of the forum state by conducting activities within that state. *Asahi Metal Indus. Co. v. Superior Ct.*, 480 U.S. 102, 109, 107 S.Ct. 1026, 1030 (1987). *Bell Paper Box, Inc. v. U.S. Kinds, Inc.*, 22 F.3d 816, 818019 (8th Cir.1994). When measuring contacts, a court should consider the following: (1) the nature and quality of the contacts with the forum state; (2) the quantity of the contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents, and (5) the convenience of the parties. *Bell Paper Box,* 22 F.3d 819. Minimum contacts are not established unless the

court finds it has either specific or general jurisdiction over the defendant. See, *Betrotex CertainTeed Corp. v. Consolidated Fiber Glass Prods. Co.,* 75 F.3d 147, 150-51 (3rd Cir.1996); *Sondergard v. Miles, Inc.,* 985 F.2d 1389, 1392 (8th Cir.1993).

The party seeking to establish the court's in personam jurisdiction bears the burden of proving such jurisdiction. *Falkirk Min. Co. v. Japan Steel Works, Ltd,* 906 F.2d 369, 373 (8th Cir. 1990); *Watlow Elec. Mfg. v. Patch Rubber Co.,* 838 F. 2d 999, 1000 (8th Cir. 1988). This burden does not shift to the party challenging jurisdiction. Jurisdiction over the defendant must be proved by a preponderance of the evidence. *Gould v. P.T. Krakatau Steel,* 957 F. 2d 573, 575 (8th Cir. 1992); *Dakota Indust., Inc. v. Dakota Sportswear, Inc.,* 946 F.2d 1384, 1387 (8th Cir. 1991) (citing *CutCo Ind. V. Naughton,* 806 F.2d 361, 365 (2d Cir. 1986); *Newhard, Cook & Co. v. Inspired Life Centers, Inc.,* 895 f.2d 1226, 1228 (8th Cir. 1990). As will be demonstrated herein, Plaintiff wholly fails to carry this burden of proof. Accordingly, Union Pacific Corporation should be dismissed from this litigation.

    a.    **The Court does not have specific jurisdiction over Union Pacific Corporation.**

The court cannot exercise specific jurisdiction over a nonresident defendant unless the nonresident defendant's activities were "purposefully directed" to the forum state and the litigation resulted from alleged injuries that "arise out of" or "relate to" those activities. See, *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S. Ct. 1868, 1872 (1984). In the case at bar, the act or omission necessary to establish specific jurisdiction over Union Pacific Corporation does not exist. In support of its position, Union Pacific Corporation offers the Affidavit of C. W. Saylors, who is the Assistant Secretary for both Union Pacific Railroad Company and Union Pacific

Corporation. In his affidavit, Mr. Saylors states that Union Pacific Corporation has not committed any act or omission in regard to this case. Union Pacific Corporation is not the proper party to this lawsuit. (*See*, Exhibit 1, which is the Affidavit of C.W. Saylors at ¶ 7) Mr. Saylors further states, "Union Pacific Railroad Company is the proper party to any lawsuit alleging personal injury resulting from railroad operations of October 15, 2005, in Texarkana, Arkansas." (*See* Exhibit 1 at ¶ 10).

As demonstrated above, Union Pacific Corporation has not committed any act of commission or omission in regard to this case, which would subject it to jurisdiction in the state of Arkansas. Plaintiff's claims are due to Union Pacific Railroad Company's alleged acts of omission or commission, not Union Pacific Corporation. As such, Plaintiff cannot satisfy the specific jurisdiction test, and her claims against Union Pacific Corporation should be dismissed with prejudice.

### b. The Court does not have general jurisdiction over Union Pacific Corporation.

The court cannot exercise general jurisdiction over a nonresident defendant unless there are continuous and systematic contacts between the nonresident defendant and the forum state. See, *Helicopteros,* 466 U.S. at 416, 104 S. Ct. at 1873. In this case, the "minimum contacts" necessary to allow this Court to have general jurisdiction over Union Pacific Corporation simply do not exist. In support of its position, Mr. Saylors states in his affidavit as follows:

- Union Pacific Railroad Company is a subsidiary of the Union Pacific Corporation. Union Pacific Railroad Company is an independent corporate entity, which is separate, distinct, and operates independently from its parent, Union Pacific Corporation;

- Union Pacific Corporation is a holding company and, as such, does not operate, repair, maintain, or inspect railcars in the state of Arkansas or any other state;

- Union Pacific Corporation does not conduct continuous or substantial business activity in Arkansas;

- Union Pacific Corporation is not, and has never been, licensed to do business within the state of Arkansas and has no agent for service of process in the state of Arkansas;

- Union Pacific Corporation does not do business as Union Pacific Company in the State of Arkansas.

(*See,* Exhibit 1, ¶¶ 3, 4,5,6).

As evidenced above, Plaintiff cannot establish general jurisdiction over Union Pacific Corporation because Plaintiff cannot show that Union Pacific Corporation had continuous and systematic contacts with the state of Arkansas. Accordingly, Union Pacific Corporation should be dismissed from this lawsuit.

### c. **Exercise of jurisdiction over Union Pacific Corporation by this Court will offend the traditional notions of fair play and substantial justice.**

This Court's assumption of jurisdiction over Union Pacific Corporation will offend traditional notions of fair play and substantial justice and will be inconsistent with the constitutional requirements of due process. See, *International Shoe,* 326 U.S. at 316, 66 S. Ct. at 158. The Court should decline to exercise jurisdiction over Union Pacific Corporation because: (1) it would place an unfair burden on Union Pacific Corporation because it has no contacts with the state of Arkansas; (2) the state of Arkansas has no interests in adjudicating a dispute between Union Pacific Corporation and Plaintiff because Union Pacific Corporation has no contacts with Arkansas; (3) Plaintiff's interest in obtaining convenient and effective relief will be frustrated because her claims relate to

Union Pacific Railroad Company's alleged acts of omission or commission, and the not acts or omissions on the part of Union Pacific Corporation; (4) requiring Union Pacific Corporation to defend itself in a forum state with which it has no contacts will offend the interstate judicial system's interest in obtaining the most efficient resolution to legal controversies; and (5) neither the State of Arkansas nor the State of Nebraska, where Union Pacific Corporation is headquartered, have an interest in furthering fundamental social policies.

The most efficient means to resolve this dispute is to permit the proper parties, Plaintiff and Union Pacific Railroad Company, to bring their respective claims and defenses before this Court. Subjecting Union Pacific Corporation, which does not operate, repair, maintain or inspect railcars in the state of Arkansas and which has no involvement in this lawsuit at all, cuts completely against the concept of judicial efficiency and fairness.

### III.  Conclusion

As evidence by the foregoing, the Court's assumption of jurisdiction over Union Pacific Corporation will offend traditional notions of fair play and substantial justice and will be inconsistent with due process of law. Therefore, Union Pacific Corporation respectfully asks this Court to grant its Motion to Dismiss and to dismiss with prejudice all of Plaintiff's claims against same.

WHEREFORE, PREMISES CONSIDERED, Defendant Union Pacific Corporation respectfully asks this Honorable Court to grant its 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction; dismiss Defendant Union Pacific Corporation from the above-entitled and numbered cause; to award attorneys' fees and costs for the

preparation of this motion and any subsequent fees and costs incurred in furtherance of this motion; and for such other and further relief as it may show itself justly entitled.

                Respectfully submitted,

                /s/ Leisa B. Pearlman
                George L. McWilliams
                Arkansas Bar No. 68078
                Sean F. Rommel
                Arkansas Bar No. 94158
                Leisa B. Pearlman
                Arkansas Bar No. 92070
                Jack T. Patterson II
                Arkansas Bar No. 95012
                **PATTON, ROBERTS,**
                **McWILLIAMS &  CAPSHAW, L.L.P.**
                2900 St. Michael Drive, Suite 400
                Post Office Box 6128
                Texarkana, Texas  75505-6128
                Telephone:  (903) 334-7000
                Facsimile:   (903) 334-7007

                **ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document was served upon all counsel of record in the above action who have agreed to service by electronic filing on this 4th day of August, 2006.

                                  /s/ Leisa B. Pearlman
                                Leisa B. Pearlman